**UNITED STATES of America, Plaintiff,**

**v.**

**Herbert A. DANIELS, Defendant.**

**No. 99–40099–01–DES.**

United States District Court,
D. Kansas.

May 8, 2000.

Richard L. Hathaway, Office of United States Attorney, Topeka, KS, for U.S.

Leslie A. Greathouse, Shughart, Thomson & Kilroy, P.C., Kansas City, MO, Thomas J. Kenney, Kutak Rock, Omaha, NE, Gregory B. Hancks, Kutak Rock, Kansas City, MO, Alan D. Strasser, Kutak Rock, Washington, DC, for Herbert A. Daniels, defendant.

## *MEMORANDUM AND ORDER*

SAFFELS, District Judge.

This matter comes before the court on defendant's Ex Parte Motion Requesting Pretrial Production of Documents Pursuant to Subpoenas (Doc. 89). Defendant argues that he needs the requested information, not provided by the government, to effectively

prepare his defense and that his motion should be filed under seal.

■ First, the court does not find that defendant's motion should be filed under seal. In its Memorandum and Order dated April 5, 2000 (Doc. 58), the court held that Federal Rule of Criminal Procedure 17(c) provided for an ex parte application for a subpoena duces tecum seeking pretrial production of documents to be issued to a third party. The court recognized that although ex parte applications are not favored, they are justified when the defense is required to disclose trial strategy in order to show the court the Rule 17(c) request is appropriate. The court has closely evaluated the statements made in defendant's motion and finds that the motion does not contain trial strategy. In addition, this motion is substantially similar to defendant's Motion Requesting Pretrial Production of Documents Pursuant to Subpoenas filed April 18, 2000, (Doc. 70) regarding patient/witness Ester S., which was not filed ex parte. Therefore, defendant's motion will not be placed under seal.

■ Defendant seeks documentation held by numerous hospitals and doctors concerning twenty-six patient/witnesses. A Rule 17(c) subpoena will not be issued unless the requests satisfy the *Nixon* requirements of relevance, admissibility, and specificity. *United States v. Nixon*, 418 U.S. 683, 700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). The court finds that none of the requests meet the *Nixon* requirement of specificity because they lack factual detail. Although these requests are much more specific than those in defendant's Motion Requesting Pretrial Production of Documents Pursuant to Subpoenas filed March 17, 2000, (Doc. 51), which were denied by the court, they are not as specific as those requests in defendant's motion seeking information regarding Esther S. (Doc. 70), which were granted in part and denied in part by the court.

■ To meet the *Nixon* specificity requirement, the requests must contain the following factual information: (1) the specific type of records sought; (2) the specific dates for which records are sought; (3) the relevant time frame of when Dr. Daniels treated/saw the patient; (4) the type of procedure in question and dates of the procedure; and (5) why a doctor would have relevant records (i.e. the relationship of the doctor holding relevant records to the patient). If defendant is unaware of the above information, that fact needs to be stated in the motion. In addition, for each type of record, the defendant must inform the court in a concise statement why the specific requested records are relevant.

As the court has previously denied one request and partially denied another, the court admonishes defendant to carefully prepare and meet all the *Nixon* standards in his next request for pretrial production of documents pursuant to subpoenas duces tecum. The court will not look favorably on a motion to continue the trial due to inability to prepare a defense, when such inability is caused by defendant's failure to meet the *Nixon* standards and secure documents necessary for trial.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant's Ex Parte Motion Requesting Pretrial Production of Documents Pursuant to Subpoenas (Doc. 89) is denied. The court denies defendant's request to place the motion under seal.